IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| LYNETTE YORK, as Mother and Next Friend of K.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 20 CV 473 ) |
| | ) Judge CHANG |
| CITY OF CHICAGO and MELVIN ROMAN, Star #22, | ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, LYNETTE YORK, as Mother and Next Friend of K.P., by and through counsel, Shiller Preyar Jarard & Samuels, complaining of the Defendants, CITY OF CHICAGO and MELVIN ROMAN, Star #22, as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 and Illinois state law to address deprivations of Plaintiff's rights under the Constitution of the United States and torts committed against Plaintiff under Illinois state law.

## JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); and the Constitution of the United States of America.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

1

4. Venue is proper under 28 U.S.C. Section 1391(b)(2). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

5. Plaintiff LYNETTE YORK is a resident of the United States and resides in the Southern District of Illinois. LYNETTE YORK is the mother and legal guardian of the injured minor, K.P., who, at all times relevant, 16 years old.

6. Defendant MELVIN ROMAN, Star #22 (hereinafter "Defendant OFFICER") was, at the time of this occurrence, a duly licensed Chicago Police Officer. Defendant OFFICER engaged in the conduct complained of while on duty and in the course and scope of his employment with the CITY OF CHICAGO, and is sued in his individual.

7. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois. The CITY OF CHICAGO was, at all time relevant, the principal and employer of Defendant OFFICER.

## FACTS

8. K.P. was assaulted and battered by Defendant OFFICER on Wednesday, July 4, 2018, just outside the front entrance to the Walgreens store at 757 N. Michigan Avenue in Chicago, Illinois.

9. K.P. knew nothing about the City. She and her friend came downtown for an event and forgot which bus to take home. It was raining outside.

10. K.P. entered Walgreens to ask Defendant OFFICER for directions.

11. Defendant OFFICER called her a "bitch" and told her to get out.

12. K.P., who was confused and naïve tried to explain that it was raining outside and told Defendant OFFICER: "I don't know where I am. I need help."

13. Defendant OFFICER replied: "Bitch, what did I just say," and grabbed her by her arm. Defendant OFFICER then pulled her down to the ground by her scarf and hair and sat on her.

14. Defendant OFFICER appeared to be 5 feet 11 inches and over 200 pounds. As he sat on her K.P. was screaming that she couldn't breathe.

15. As a result of Defendant OFFICER's conduct, K.P. suffered physical pain and was diagnosed with chest injury and lumbar contusion in her spinal cord.

16. Defendant OFFICER then caused Plaintiff to be arrested and charged with crimes that he knew she did not commit.

17. At the time of Plaintiff's arrest, she had not been committing a crime and was not about to commit a crime. There was no probable cause or any other lawful basis to arrest Plaintiff.

18. Eventually, all charges against Plaintiff were dismissed in a manner consistent with her innocence.

### COUNT I: 42 U.S.C. § 1983 – Illegal Seizure

19. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

20. The seizure of K.P.'s person performed willfully and wantonly by Defendant Officer, as detailed above, was in violation of K.P.'s right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

21.    As a direct and proximate result of the above-detailed actions of the defendant, K.P. was injured, including the deprivation of her liberty and the taking of her person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, LYNETTE YORK, as Mother and Next Friend of K.P., purusant to 42 U.S.C. §1983, demands judgment against the Defendant, MELVIN ROMAN, Star #22, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Excessive Force

22.    Plaintiff re-alleges the above paragraphs as though fully set forth herein.

23.    The actions of the Defendant Officer constituted unreasonable, unjustifiable, and excessive force against K.P., thus violating her rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

24.    As a direct and proximate result of the above-detailed actions of the defendant, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, WHEREFORE the Plaintiff, LYNETTE YORK, as Mother and Next Friend of K.P., purusant to 42 U.S.C. §1983, demands judgment against the Defendant, MELVIN ROMAN, Star #22, for compensatory damages,

punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – False Arrest

25. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

26. The actions of Defendant Officer, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

27. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LYNETTE YORK, as Mother and Next Friend of K.P., purusant to 42 U.S.C. §1983, demands judgment against the Defendant, MELVIN ROMAN, Star #22, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 745 ILCS 10/9-102 – Indemnification

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. Defendant CITY is the employer of the Defendant Officer.

30. committed the acts alleged above under color of law and in the scope of his employment as an employees of the City of Chicago.

WHEREFORE the Plaintiff, LYNETTE YORK, as Mother and Next Friend of K.P., demands that, should any individually-named defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**    Respectfully Submitted,

**LYNETTE YORK, as Mother and Next Friend of K.P.**

By:    /s/ Jeanette Samuels
           *One of Plaintiff's Attorneys*

Jeanette Samuels
SHILLER PREYAR JARARD & SAMUELS
601 South California Avenue
Chicago, Illinois 60612
T: 312-226-4590
F: 773-346-1221
E: sam@spjslaw.com